1: CIT-ESERVE

Case 3:17-cv-00135-C   Document 1-5   Filed 01/13/17   Page 1 of 6   PageID 16

FILED
DALLAS COUNTY
12/19/2016 2:08:44 PM
FELICIA PITRE
DISTRICT CLERK

David Hernandez

CAUSE NO. DC-16-16098

| | | |
|---|---|---|
| **SOUTHERN METHODIST UNIVERSITY,** | § § § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § § | |
| vs. | § § | DALLAS COUNTY, TEXAS |
| **EXPRESS SCRIPTS, INC.,** | § § § | |
| *Defendant.* | § | _____ JUDICIAL DISTRICT |

## ORIGINAL PETITION

Now comes Plaintiff Southern Methodist University and files this Original Petition. In support, the Plaintiff would show the Court as follows:

### I.
### PARTIES, JURISDICTION AND VENUE

1. Southern Methodist University ("SMU" or "Plaintiff") is organized as a non-profit corporation under the laws of the state of Texas, with its principal place of business in Dallas County.

2. Express Scripts, Inc. ("ESI" or "Defendant") is a Delaware corporation with its principal place of business in St. Louis, Missouri. It may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620 Austin, TX 78701.

3. SMU seeks damages within the jurisdictional limits of the Court.

4. Venue is proper in Dallas County because it is the county where all or a substantial part of the events or omissions giving rise to this claim occurred. *See* Tex. Civ. Prac. & Rem. Code § 15.002(a)(1).

## II.
## DISCOVERY CONTROL PLAN

5.  SMU requests that discovery be conducted under Level 2 pursuant to Texas Rule of Civil Procedure 190.3.

## III.
## INTRODUCTION

6.  The parties agreed that Express Scripts would manage a prescription drug benefit program for SMU's employees. As part of its contract, Express Scripts promised SMU certain formulary rebates to make the program affordable for SMU. But, later, Express Scripts refused to honor this term of the agreement, withholding hundreds of thousands of dollars in formulary rebates from the University.

## IV.
## FACTUAL BACKGROUND

7.  SMU is a private university that founded in Dallas, TX in 1911. SMU admits students from all 50 states who come to take advantage of its small classes, global research opportunities, and renowned faculty. It is a nationally heralded institution of higher learning.

8.  The University offers a prescription drug benefit program to its employees. In 2011, SMU contracted with Medco Health Solutions, Inc. to manage this program. The resulting Prescription Drug Program Agreement ("PDP Agreement") was effective January 1, 2011, with a three-year term ending December 31, 2013, and with an option to renew for one year.

9.  In early 2013, Express Scripts acquired Medco and assumed its rights and obligations under the PDP Agreement.

10. Section 6.2 of the PDP Agreement provides that Express Scripts will provide SMU with certain rebates it received from manufacturers. Specifically, it provides that Express Scripts will give SMU the greater of either all formulary rebates and additional rebates it

receives ("Total Rebates") or a quantity of "Guaranteed Rebates" that would be set according to a schedule. Generally speaking, the parties refer to all of these rebates as "formulary rebates." For each of the 2011, 2012, and 2013 contract terms, Express Scripts and its predecessor Medco paid these formulary rebates.

11.     In summer 2013, SMU and Express Scripts discussed changes to the pharmacy network and pricing for 2014. Specifically, SMU agreed with Express Scripts to exclude CVS and Walgreens from SMU's pharmacy network in return for substantial savings. SMU knew that 70% of its employees had prescriptions filled at either CVS or Walgreens and that this would cause inconvenience. However, as a non-profit educational institution, SMU also needed to keep its costs down, so it agreed to the exclusion in order to enjoy the significant savings that Express Scripts promised. Afterward, SMU and Express Scripts worked together to implement the network change, which included a campaign to inform all SMU employees about the forthcoming changes. Beginning January 1, 2014, the change was implemented with resulting price adjustments, and CVS and Walgreens were excluded from SMU's pharmacy network for the year.

12.     Subject to this one material modification, the expired PDP Agreement was renewed for one year (2014) and its remaining terms were not materially changed.

13.     By June 2014, SMU had become unhappy with Express Scripts' service and informed it that the parties' relationship would end after 2014.

14.     In August 2014, SMU had not yet received any of its formulary rebates for 2014. When asked where they were, Express Scripts answered that it would not pay the rebates—citing one incomprehensible excuse after another. The real reason for Express Scripts' refusal was its disappointment about not being retained beyond 2014.

15. In November 2015, SMU sent a letter to Express Scripts reiterating its request for payment and asking for a face to face meeting between executives to resolve the issue. Express Scripts ignored the overture.

## V.
## CLAIMS AND CAUSES OF ACTION

16. The factual allegations in the foregoing paragraphs are incorporated into the following claims and causes of action.

### COUNT I:  BREACH OF CONTRACT

17. By explicit or implicit agreement, the terms of the PDP Agreement governed the parties' relationship in 2014, subject to the modification to exclude CVS and Walgreens from the pharmacy network in exchange for a different pricing structure.

18. Section 6.2 of the PDP Agreement provides that "[ESI] will provide [SMU] with the greater of (i) 100% of the Total Rebates received by [ESI] based on the dispensing of each manufacturer's formulary drugs under [SMU's] Program or (ii) the Guaranteed Rebates" described in another section.

19. SMU performed its obligations under the contract. However, Express Scripts has refused to give SMU the formulary rebates it is owed. As such, Express Scripts has breached the parties' agreement.

20. SMU has been damaged as a result of Express Scripts's breach.

## VI.
## ATTORNEYS' FEES

21. Because this claim is for breach of contract, SMU is entitled to its reasonable attorneys' fees. *See* Tex. Civ. Prac. & Rem. Code § 38.001(8).

## VII.
## DEMAND FOR JURY TRIAL

22. SMU demands a trial by jury as authorized by the United States Constitution and the Constitution of the State of Texas, and tenders the appropriate fee with this Petition.

## VIII.
## CONDITIONS PRECEDENT

All conditions precedent to SMU's claims for relief have been performed or have occurred.

## PRAYER

Accordingly, Plaintiff SMU asks that the Court issue citation for Defendant ESI to appear and answer herein, and prays that SMU be awarded a judgment against ESI as follows:

(a) Actual damages as alleged herein, and

(b) Reasonable attorneys' fees and court costs as allowed by law, and

(c) All other relief to which SMU is entitled.

Respectfully submitted,


/s/ Jonathan R. Mureen
Jonathan R. Mureen
State Bar No. 24060313
jon.mureen@squirepb.com
Alexander J. Toney
State Bar No. 24088542
alex.toney@squirepb.com
**Squire Patton Boggs (US) LLP**
2000 McKinney Ave. Suite 1700
Dallas, Texas 75201
Telephone: (214) 758-1500
Facsimile: (214) 758-1550

**ATTORNEYS FOR SOUTHERN METHODIST UNIVERSITY**